This cause is presented on appeal from a judgment of the district court of Osage county refusing to restore James G. Blaine, Jr., to competency.
James G. Blaine, Jr., is a full-blood Osage Indian, being restricted Osage No. 431. On January 21, 1932, he and A.G. Williams filed in the county court of Osage county a petition seeking to have himself declared an incompetent and to have a guardian appointed for his person and estate.
On June 27, 1932, the matter was heard by the county court of Osage county, which found that notice to the alleged incompetent had been given on June 22, 1932, and that due and legal service had been made on all necessary parties, including the Superintendent of the Osage Indian Agency.
The county court then found:
"That James G. Blaine, Jr., is a full-blood Osage allottee, without a certificate of competency. That he is addicted to excessive use of intoxicating liquors, and that while under the influence of said intoxicating liquors, the said James G. Blaine, Jr., is liable to be and is, in fact, imposed upon by artful and designing persons, and by reason of the excessive use of intoxicating liquors is mentally incompetent, as defined by the laws and statutes of the State of Oklahoma."
Based upon this finding, A.G. Williams of Pawhuska was appointed guardian of the person and estate of James G. Blaine, Jr.
The guardianship thus created lasted until August 20, 1942, when James G. Blaine, Jr., filed in the county court of Osage county his petition for restoration to competency and removal of guardian. The county court found that A.G. Williams should be removed as guardian because of the lack of harmony which had existed between the incompetent and the guardian and that L.M. Colville should succeed Williams.
The county court also found that James G. Blaine, Jr., was still addicted *Page 206 
to the excessive use of intoxicating liquor and refused to restore him to competency.
An appeal was taken to the district court, where the hearing was held on the matter on April 26, 27, and 28, 1943. At the conclusion of the evidence the district court entered its judgment refusing to restore Blaine to competency, by reason of his addiction to the use of intoxicating liquor. A large number of witnesses testified that, covering a period of three months before the trial, they had seen Blaine drunk on numerous occasions. The evidence further disclosed that for several months preceding the trial he lived at a hotel in Tulsa, but because of his drunkenness he was asked to leave by the management. Testimony was also offered by a psychiatrist to the effect that he was a hopeless alcoholic. The testimony, however, as to his being a drunkard and the reason for his leaving the hotel is conflicting.
An incompetent person is one who from any cause is unable, unassisted, to properly take care of himself or his property. In re Nitey's Estate, 175 Okla. 389, 53 P.2d 215; Fish v. Deaver, 71 Okla. 177, 176 P. 251. Drunkenness may be a sufficient cause for an adjudication of incompetency (Ned v. Robinson, 181 Okla. 507, 74 P.2d 1156), if the alleged incompetent is incapable when intoxicated of handling his personal or property affairs unassisted.
Our examination of the record in this case indicates that the conclusion and judgment of the trial court is amply sustained by sufficient evidence and that it was and is correct.
Incidentally, the appellant asserts that the Secretary of the Interior of the United States must approve a petition for the appointment of a guardian. This assertion is incorrect. The Osage Act (Act Feb. 27, 1925, 43 Stat. 1008) contains the following provision which is of controlling force: ". . . No guardian shall be appointed except upon the written application or approval of the Secretary of Interior. . . ." The appointment of both Williams and Colville received the approval of the Secretary of Interior even though the petitions were not executed by the Secretary.
Upon careful consideration of the record before us, we are convinced that the evidence sustains the judgment and decision of the trial court and that prejudicial error was not committed in the trial thereof. The judgment of the trial court is affirmed.
GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.